## HENRY OWEN *v.* LEWIS OVIATT.

PLEADING.—A complaint, the substance of which is stated in the opinion, held to state a cause of action.

ID.—SPECIAL DEMURRER.—A demurrer alleging that the complaint is "multifarious and improperly confounds two distinct causes of action not belonging to the same class," and "that the complaint is ambiguous, unintelligible and uncertain," is not sufficiently specific.

APPEAL from a judgment of the district court of the third district.

The opinion states the facts.

*Mr. J. D. Lomax*, for appellant.

*Messrs. Hoge & Jonasson*, for respondent.

BOREMAN, J.:

The respondent brought an action against appellant in the third district court, for a dissolution of partnership, for an accounting and for an injunction restraining the sale or transfer of property alleged to have been bought with partnership money.

The complaint was demurred to, by appellant, upon the grounds:

1.   That the complaint did not state facts sufficient to constitute a cause of action,

2.   That the complaint was "multifarious and improperly confounds together distinct causes of action not belonging to the same class," and,

3.   That the complaint was ambiguous, unintelligible and uncertain.

The demurrer was overruled. The complaint alleges in general terms, that a business venture, a partnership, was entered into between appellant and respondent, for quarrying and selling limestone; the leasing by them of a stone quary for that business; the carrying on of said business of quarrying and selling limestone until the tenth of Octo-

ber, 1882, when they concluded to sell their lease, and did
sell it; that appellant was authorized to act for both in ne-
gotiating a sale; that appellant sold the lease for three
thousand dollars, but represented to respondent that he
sold it for two thousand dollars, concealing the true con-
sideration; that respondent was thus deprived of five hun-
dred dollars, etc.  Taking all the allegations together we
think they are sufficient to show a partnership.  They show
a common enterprise entered into by appellant and re-
spondent, and carried on by them for their common and
joint benefit, and further, that the partnership property
was sold.

The second and third grounds of demurrer are not suf-
ficiently specific.  The demurrer should show wherein or
in what respect the complaint is ambiguous, unintelligible
or uncertain, and in what respect it is multifarious and im-
properly confounds together distinct causes of action.

We see no error in the action of the court below.

Let the judgment be affirmed with costs.

ZANE, C. J., and EMERSON, J., concurred.